United States District Court
Southern District of Texas
**ENTERED**
July 23, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Benita Lewis | § § § § | |
| *versus* | § § | Civil Action 4:21−cv−02348 |
| PHH Mortgage Corporation, et al. | § § § § | |

**INITIAL DISCOVERY PROTOCOLS
FOR RESIDENTIAL MORTGAGE CASES**

March 2021

# INITIAL DISCOVERY PROTOCOLS FOR RESIDENTIAL MORTGAGE CASES

**PART 1: INTRODUCTION**

In cases involving claims relating to residential mortgage loan defaults or foreclosures, this court requires the parties to use these Initial Discovery Protocols. The purpose of these Initial Discovery Protocols is to require the exchange of the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

These Initial Discovery Protocols supersede the parties' obligations to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1), but do not preclude a party from seeking additional discovery under the Federal Rules of Civil Procedure.

These Initial Discovery Protocols apply only if a Borrower is a party to the case.

**PART 2: DEFINITIONS AND INSTRUCTIONS.**

(1) Definitions. The following definitions apply to these Initial Discovery Protocols.

   a. ***Borrower.*** "Borrower" means one or more persons alleged to have executed a Note secured by a Deed of Trust on the residential property.

   b. ***Creditor.*** "Creditor" means any person or entity, including mortgage loan note holders or loan servicers, who allege the right to collect a debt evidenced by the Note or the right to foreclose on the Property under the security instrument that secures the Note.

   c. ***Deed of Trust.*** "Deed of Trust" means the document creating a security interest in the Property and grants the Creditor the right to foreclose and sell the Property in the event Borrower defaults.

   d. ***Documents.*** "Documents" are defined to be synonymous in meaning and equal in scope to the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), with one exception. For the purposes of these Initial Discovery Protocols, "documents" do not include email communications.

   e. ***Identify (Documents).*** When referring to documents, to "identify" means either (1) to describe, to the extent known: (i) the type of document; (ii) the general subject matter; (iii) the date; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or (2) produce a copy.

    f. ***Identify (Persons).*** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) email address; (iv) present or last known place of employment; (v) present or last known job title; and (vi) relationship, if any, to the parties. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent requests to identify that person.

    g. ***Identify (Non-Natural Persons or Entities).*** When referring to a corporate entity, partnership, or other unincorporated association, to "identify" means to give the: (i) corporate or entity name and, if known, the trade or other names under which it has done business during the relevant period; (ii) address; and (iii) phone number. Once a corporate or other business entity has been identified in accordance with this subparagraph, only the name of that entity needs to be listed in response to subsequent requests to identify that entity.

    h. ***Mortgage Loan.*** "Mortgage Loan" means the loan that Borrower obtained to purchase the Property, refinance a prior loan, or obtain cash on the Property. The documents making up the mortgage loan contract are the Note and Deed of Trust, and any modifications of either.

    i. ***Note.*** "Note" means the document containing Borrower's promise to pay the amounts due under the Mortgage Loan.

    j. ***Property.*** "Property" means the residential property subject to the Mortgage Loan.

    k. ***Relating to.*** "Relating to" means concerning, referring, describing, evidencing, or constitutingy.

(2) Instructions.

    a. This Initial Discovery is to be responded to without objections (except attorney-client and work-product privilege).

    b. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

    c. This Initial Discovery is subject to Federal Rule of Civil Procedure 26(e) on supplementation and Federal Rule of Civil Procedure 26(g) on certification of responses.

    d. This Initial Discovery is subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place until and unless the parties agree on, or the court orders, a different protective order.

## PART 3: INFORMATION AND DOCUMENTS TO BE PRODUCED BY THE BORROWER.

(1) Timing.

Borrower's responses to these Initial Discovery Protocols must be provided within the earlier of 30 days after: (i) a responsive pleading or motion to dismiss has been filed; or (ii) a notice of removal has been filed, unless the court orders otherwise.

(2) Information to be produced by the Borrower:

    a. Identify any loan modification agreements.
    b. Identify any forbearance agreements
    c. Identify any loss mitigation applications
    d. Describe the damages Borrower seeks to recover in this lawsuit, including the amount and the method used to calculate those damages
    e. If Borrower contends that Creditor is not entitled to foreclose on the Property, provide the basis for that contention
    f. If Borrower contends that the lien created by the Deed of Trust or Mortgage Loan is not valid or enforceable for reasons other than violations of the Texas Constitution, provide the basis for that contention.
    g. If Borrower contends that a scheduled or completed foreclosure sale was defective or wrongful, explain the basis for that contention.
    h. If Borrower contends that the limitations period for foreclosure has expired, identify the alleged accrual date for limitation purposes.
    i. If Borrower contends that a loan payment was made that was not properly accounted for, identify the date of payment, the amount of payment, and the method of payment.
    j. If Borrower contends that Creditor breached an agreement relating to the Mortgage Loan:
        i. identify the agreement that was breached;
        ii. identify the specific provision of the agreement that was breached; and
        iii. describe how that provision was breached.
    k. If a lawsuit has previously been filed relating to the Mortgage Loan or the Property (including efforts to proceed with foreclosure or stop foreclosure), identify:
        i. the style of each lawsuit, including the parties' names, cause number, and the court; and
        ii. how each lawsuit was resolved (such as dismissal with prejudice, dismissal without prejudice, settlement, or verdict).
    l. If you have filed for bankruptcy in the past six years, identify:
        i. the style of each lawsuit, including the cause number and court; and
        ii. how each bankruptcy case was disposed (such as dismissal or discharge in bankruptcy).

    m. If there is more than one residential mortgage lien on the Property, identify the record holder of each lien, the current servicer of any loan(s) associated with these liens, and whether Borrower is currently past due on any payments owed.

    n. For cases involving claims that a Texas home equity lien is invalid, void, or voidable because it violated the Texas Constitution, identify each provision of the Texas Constitution you contend was violated, and for each, explain the basis for that contention.

    o. For cases involving claims that a Texas home equity lien is invalid, void, or voidable because it violated the Texas Constitution, identify each demand you sent to cure a defect under Article XVI, Section 50(a)(6) of the Texas Constitution by the date it was sent, the addressee and address to which it was sent, the manner in which it was sent (such as email, mail, or delivery), and the defect specified by the demand.

(3) Documents to be produced by the Borrower:

    a. The documents referred to in Borrower's latest complaint or pleading setting out claims and defenses.
    b. The Note.
    c. The Deed of Trust.
    d. The documents signed at the Mortgage Loan closing if origination is at issue.
    e. All loan modification agreements.
    f. All loan modification applications, with attachments.
    g. If Borrower claims a failure to receive a loss mitigation that was applied for, the loss mitigation applications, with attachments.
    h. If Borrower claims a failure to receive mortgage assistance that was applied for, all requests for mortgage assistance, with attachments.
    i. If Borrower claims that there is a forbearance agreement, all forbearance agreements.
    j. All documents supporting the claim for damages or an injunction.

**PART 4: INFORMATION AND DOCUMENTS TO BE PRODUCED BY CREDITOR.**

(1) Timing.

Creditor's responses to these Initial Discovery Protocols must be provided within the earlier of 30 days after: (i) a responsive pleading or motion has been filed; or (ii) a notice of removal has been filed, unless the court orders otherwise.

(2) Information to be produced by Creditor:

    a. If Creditor contends that it has not been properly named in the lawsuit, identify the factual basis for that contention, and identify, if known, the entity that should have been named.

  b. If Creditor has served a notice of default on Borrower, identify the delinquent amount, if any.
  c. If Borrower contends that Creditor lacks standing to foreclose, provide the basis for Creditor's asserted standing.
  d. If Borrower contends that Borrower did not receive a decision on a loan modification application prior to foreclosure, provide the basis for Creditor not providing a decision or identify when and how the decision was conveyed.

(3) Documents to be produced by Creditor:

  a. The documents referred to in Creditor's latest pleading setting out claims and defenses.
  b. All assignments of the Deed of Trust.
  c. The Note.
  d. The Deed of Trust.
  e. The Notice of Default at issue.
  f. The Notice of Intent to Accelerate Debt at issue.
  g. The Notice of Acceleration of Debt at issue.
  h. The Notice of Trustee's Sale at issue.
  i. The documents signed at the Mortgage Loan closing if origination is at issue.
  j. If Borrower claims a failure to receive mortgage assistance that was applied for, all requests for mortgage assistance, with attachments.
  k. If Borrower claims that there is a forbearance agreement, all forbearance agreements.
  l. Documents sufficient to show Mortgage Loan payments made by Borrower, and how these funds were applied by Creditor.
  m. All documents that Creditor relies on to demonstrate its right to foreclose.
  n. If Borrower alleges an uncured violation of Article XVI, Section 50(a)(6) of the Texas Constitution, documents purportedly showing that no such violation exists.

SIGNED on July 23, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Benita Lewis | § § § § | |
| *versus* | § § | Civil Action 4:21−cv−02348 |
| PHH Mortgage Corporation, et al. | § § § § | |

## STANDING INTERIM PROTECTIVE ORDER

1. This Standard Protective Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal Rules of Civil Procedure governing disclosure and discovery.

2. Information, documents, and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL−ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third−party in this action.

3. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4. "CONFIDENTIAL−ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. Parties: Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

   b. Witnesses or Prospective Witnesses: Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

   c. Outside Experts: Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

   d. Counsel: Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

   e. Other Persons: Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential nature of the Designated Material; and

   b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

9. Documents or information filed with the court that is subject to confidential treatment under this Order, and any pleadings, motions, or other papers filed with the court disclosing any Confidential Information, must be filed under seal to the extent permitted by the law, rules, or court orders, and must be kept under seal until the court orders otherwise. To the extent the court requires any further act by the parties as a precondition to filing the documents or information under seal, the party filing the document or information is responsible for satisfying the requirements. If possible, only the confidential parts of documents of information filed with the court will be filed under seal.

10. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL–FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

11. The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

12. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

13. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person.  Pending expiration of the ten business days,  the deposition

transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

14. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must move to file the Designated Material under seal.

15. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

16. Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

17. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

18. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party

shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

20. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

SIGNED on July 23, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

# EXHIBIT A

     I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Lewis v. Deutsche Bank National Trust Company have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

     I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____     DATED: _____

Signed in the presence of:

_____

(Attorney)